UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR SANCHEZ RIVERA (A-202-145-199),

Petitioner,

v.

WARDEN, et al. ,

Respondents.

No.  1:26-cv-5580 DAD CSK

FINDINGS & RECOMMENDATIONS

Petitioner, a native and citizen of El Salvador, is a former immigration detainee who filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Respondents' motion to dismiss is before the Court.  As discussed below, the Court recommends that the motion to dismiss be granted, and this action be dismissed as moot.

**I.      BACKGROUND**

On June 29, 2026, petitioner signed his petition for writ of habeas corpus, which was filed with the Court on July 20, 2026.  (ECF No. 1.)  On July 27, 2026, this Court issued a briefing order, and advised the parties of the obligation to keep the court apprised of their current address.  (ECF No. 6.)  Respondents filed a motion to dismiss on July 31, 2026.  (ECF No. 7.)  Petitioner did not file a reply.  (See Docket.)

///

1

**II.     DISCUSSION**

In the form petition, petitioner challenged his continued detention based on has claim that petitioner's prolonged detention violates the Fifth Amendment due process clause.  (ECF No. 1 at 17-18.)

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the motion to dismiss, respondent argued that the petition is moot because petitioner was removed to El Salvador on or about June 8, 2026, before petitioner filed the instant petition.  (ECF No. 7 at 2.)  In the petition, petitioner acknowledged he was already in El Salvador, and sought release or a bond hearing.  (ECF No. 1 at 7, 18.)  Because petitioner is not in ICE custody, the Court finds that the petition is moot.  See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" due to petitioner's subsequent deportation, "curing his complaints about the length of his . . . detention").  Therefore, the Court recommends that respondent's motion to dismiss be granted, and this action be dismissed as moot.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 7) be granted.

2.  The petition for writ of habeas corpus be dismissed as moot.

3.  The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 13, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/sanc5580.mtd.2241.imm.moot